[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By complaint dated February 9, 2000 the plaintiff, Gail Marion Nichols commenced this action seeking a dissolution of marriage on the grounds of irretrievable breakdown and other relief. The defendant appeared through counsel. Both parties appeared with counsel on November 21, 2000 and February 13, 2001 and the plaintiff proceeded on her complaint. The parties presented testimony and introduced documentary evidence. The court, after hearing the testimony and reviewing the exhibits, makes the following findings of fact.
The plaintiff, whose maiden name was Gail Marion Scacca, married the defendant on October 7, 1988 in Wethersfield, Connecticut. She has resided continuously in the State of Connecticut for at least 12 months next preceding the filing of the complaint. All statutory stays have expired. The parties have two (2) children issue of the marriage: Heather Mary Nichols born July 18, 1990 and Philip Michael Nichols, Jr. born July 26, 1994. No other minor children have been born to the plaintiff since the date of the marriage. The court further finds that neither party or their children have been the recipients of any aid from the State of CT Page 4269 Connecticut or any municipality thereof.
The plaintiff is 39 years of age. Approximately 3 years ago she underwent surgery for the removal of a cancerous breast. In February of 2000 she was operated on for reconstructive surgery and again in July of 2000. In February of 2001 she again underwent surgery and, as a result, will be unable to work for 2-4 weeks. She is a high school graduate. Currently, her only source of income is spousal support. Her most recent financial affidavit dated 10/2/00 indicates a financial need of $301 per week for current living expenses and $10 per week for payment on recurrent debts. She hasn't worked outside the home since. 1990. Prior to that she had a real estate license but never sold any property. At the time of the marriage she was earning almost $30,000 per year. Her ability to accumulate assets in the future is limited. She has and wants to be a "stay at home mom" but in view of the ages of the children and their custody and living arrangements as hereinafter set forth there is no reason to have her stay at home and just be available should the children need her.
The defendant is 40 years of age and in good health. He is a college graduate and is presently employed as a quality control manager at Wood Group Component Repair, an FAA repair facility. He has been gainfully employed on a full time basis with the exception of a few months which was beyond his control. His current weekly gross salary is $1,386.54. Although his employment situation has stabilized his ability to accumulate assets in the future is limited to the amounts he can save from his earnings.
The parties have been separated since April of 2000. The defendant resides in the marital residence with the parties two minor children. After the defendant leaves for work the plaintiff comes to the marital residence and gives the children breakfast and gets them off to school. Prior to the plaintiff leaving the marital residence she had an admitted affair which she claimed terminated shortly before the trail started. The affair was with a close friend of the parties and commenced after the parties developed problems in their marriage. The plaintiff claimed that the problems stemmed from the defendant's excessive consumption of alcohol. However, the court finds that both parties acted irresponsibly during the marriage and that both contributed equally to the breakdown.
The principal issues confronting the court concerns custody and visitation since the financial orders in large measure are controlled by the resolution of these matters. Although the plaintiff has been the primary caregiver for the children, they were not progressing as well as they should have, either from an educational standpoint or socially. Since the mother left the marital residence the children have improved CT Page 4270 academically and socially while under the father's care and with additional help from their schools and other programs.
The court has considered all of the statutory factors concerning custody and visitation set out in Connecticut General Statutes Secs. 46b-56
and 46b-56a. The court has further considered all of the factors in Connecticut General Statutes Secs. 46b-81, 46b-82 and 46b-62 and other pertinent statutes, earning and earning capacity differentials, causes for the breakdown of the marriage and the consequences of the financial awards set forth below. Judgment shall enter dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered that:
1. ALIMONY:
The defendant shall pay to the plaintiff weekly periodic alimony in the amount of $250 for a period of one (1) year from judgment; the amount of $150 for the second and third year from judgment and the amount of $100 for the fourth year from judgment at which time alimony shall terminate unless terminated sooner as herein set forth. Alimony shall terminate upon the remarriage of the plaintiff, the death of either party or the cohabitation by the plaintiff. Alimony shall be non-modifiable as to term and non-modifiable as to amount except in the event the defendant is medically certified to be unable to work at his usual employment on a full-time basis. Each party shall furnish the other by April 15 of each year copies of all documents pertaining to their income, from whatever source, and shall include copies of their income tax returns.
2. CUSTODY:
Legal custody of the minor children is awarded to both parents pursuant to Sec. 46b-56a of the Connecticut General Statutes. The principal residence of the children shall be with the defendant.
The defendant shall not move the children from their current residence without a written agreement of the parties or further order of the court.
3. PARENTING PLAN:
The guardian ad litem for the children shall, within thirty (30) days from the date of judgment submit to the court and the attorneys for the parties a parenting plan for the plaintiff which shall include, but not be limited to, alternating weekends, one (1) weeknight visitation, alternating holidays and vacation visitation. Counsel for both parties may submit their own visitation requests. The court, upon receipt of the CT Page 4271 parenting plans, will issue orders in the best interests of the children.
4. CHILD SUPPORT:
In view of the plaintiffs current unemployment the court will not issue an order for the plaintiff to pay such support. The plaintiff shall immediately notify the defendant of any employment, whether full or part time or on a per diem basis with full details of such employment. Upon such receipt the defendant may move the court to set an order of support. The plaintiff shall immediately commence to seek employment on a full time basis. Until such time as the plaintiff obtains employment she shall provide any necessary day care for the children to enable the defendant to continue his present full-time employment without the need to incur such expense.
5. HEALTH INSURANCE AND UNREIMBURSED EXPENSES:
Until such time as the plaintiff obtains her own health insurance through her place of employment the defendant shall provide COBRA coverage as available through his employer. The cost of such coverage shall be paid for equally by the parties.
The defendant shall continue to provide his present health insurance (including dental coverage) for the benefit of the minor children. The Child Support Guidelines shall govern the allocation of any uninsured or unreimbursed expenses.
6. LIFE INSURANCE:
Each of the parties shall maintain the minor children as beneficiaries of any life insurance they may have available through their place of employment.
7. PERSONAL PROPERTY:
Each of the parties shall retain the personal property in their possession.
8. AUTOMOBILES:
The defendant shall retain the 1991 Toyota Camry.
9. PROPERTY DIVISION:
a. 167 Knob Drive. South Windsor, Connecticut: The plaintiff shall transfer to the defendant all of her right, title and interest in 167 CT Page 4272 Pine Knob Drive, South Windsor, Connecticut. Within thirty (30) days from the date of judgment the plaintiff shall pay to the plaintiff one-half (1/2) of the net equity in the property less a credit to him of $3,500 as previously ordered by the court (Brennan, J.). The court finds the fair market value of the property to be $130,000. Net equity shall be defined as the fair market value of the property less the unpaid balance of the first mortgage at the time of transfer and payment.
b. Bank Accounts: Each of the parties shall retain their bank accounts listed on their respective financial affidavits.
c. Savings Bonds: All jointly owned savings bonds shall be divided equally between the parties.
d. Deferred Compensation Plans: The defendant shall transfer to the plaintiff by a qualified domestic relations order one-half (1/2) of his 401k plan. The court shall retain jurisdiction.
The defendant shall retain his pension plan.
e. Debts: Each of the parties shall be responsible for the liabilities listed on their respective financial affidavits. In addition the defendant shall indemnify and hold the plaintiff harmless from the first mortgage on the marital residence.
10. ATTORNEYS FEES:
Each of the parties shall be responsible for their own attorneys fees.
11. ARREARAGES:
At trial the plaintiff claimed that the defendant was in arrears in court ordered pendente lite alimony and support. The evidence was insufficient to determine an exact amount of the arrearrage but it appears to amount to $500. The defendant is ordered to pay said amount to the plaintiff within seven (7) days from the date of judgment.
JOHN R. CARUSO, J.